# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) Case No. CR-18-006-003-F |
| JUAN CARLOS BERNAL SALAZAR, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER

Defendant Juan Carlos Bernal Salazar, proceeding *pro se*, has filed a motion seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 (Part B, Subpart 1) to the United States Sentencing Guidelines.[1] Doc. no. 367. Plaintiff United States of America has responded in opposition to the motion. Doc. no. 371. The matter is at issue.

On October 4, 2018, defendant pleaded guilty, pursuant to a plea agreement, to two counts of the Indictment, charging defendant with (1) possession of methamphetamine with intent to distribute, in violation of 18 U.S.C. § 841(a)(1) (Count 30), and (2) alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5) (Count 32). Thereafter, the Probation Office prepared a final presentence investigation report. Doc. no. 285. Counts 30 and 32 were grouped together for sentencing guideline calculation purposes under U.S.S.G.[2] § 3D1.2(c),

---

[1] Because defendant is proceeding *pro se*, the court construes his filings liberally, but it does not act as his advocate. Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

[2] United States Sentencing Guidelines.

and because Count 30 generated the highest offense level, it was the applicable offense level for both counts pursuant to U.S.S.G. § 3D1.3(a).  Defendant was held responsible for a total of 54.432 kilograms of methamphetamine, resulting in a base offense level of 38.  Defendant received a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) because he possessed a firearm and a two-level enhancement under U.S.S.G. § 2D1.1(b)(12) because he maintained a premises for manufacturing or distributing a controlled substance, resulting in an adjusted offense level of 42.  Applying a three-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility, defendant's total offense level was 39.

Based on his lack of criminal history, defendant was assessed a criminal history score of zero, establishing a criminal history category of I.  With a total offense level of 39 and a criminal history category of I, defendant's advisory sentencing guideline imprisonment range was 262 months to 327 months.

At sentencing, the court adopted the final presentence investigation report without change.  The court varied downward and sentenced defendant to a term of imprisonment of 240 months.

In his motion, defendant asks the court to adjust his sentence based upon Amendment 821 (Part B, Subpart 1) to the United States Sentencing Guidelines, effective November 1, 2023, given that he received zero criminal history points.

Generally, a court "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  Congress has provided a few exceptions to this rule.  One such exception is "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  In such a case the court "may" reduce a sentence if doing so would be consistent with the factors

in 18 U.S.C. § 3553(a) and consistent with applicable policy statements of the Sentencing Commission. *Id*.

The court follows a two-step process in considering defendant's § 3582(c)(2) motion. *See*, United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013). The court first determines whether defendant is eligible for a sentence reduction and the extent of the authorized reduction. If the reduction is authorized, the court may consider any applicable 18 U.S.C. § 3553(a) factors and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*. (quotation marks and citation omitted).

Upon review of the parties' submissions and the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 (doc. no. 368), the court finds that defendant is not eligible for a sentence reduction under Amendment 821 (Part B, Subpart 1).

To be eligible for the two-level adjustment as a zero-point offender, defendant must meet ten criteria. *See*, U.S.S.G. § 4C1.1(a). One of those criteria is that "the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense[.]" U.S.S.G. § 4C1.1(a)(7).

As previously stated, defendant received a two-level sentencing enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) because he possessed a firearm. Consequently, defendant does not meet all ten criteria and is not eligible for a sentence reduction under Amendment 821 (Part B, Subpart 1).

In his motion, defendant requests the appointment of counsel. Doc. no. 367, p. 1. Because "no right to counsel extends to a § 3282(c)(2) motion," United States

v. Campos, 630 Fed.Appx. 813, 816 (10th Cir. 2015),³ and defendant is ineligible for a sentence reduction under Amendment 821 (Part B, Subpart 1), the court concludes that defendant's request should be denied.

Accordingly, defendant Juan Carlos Bernal Salazar's "Motion Pursuant to 18 U.S.C. § 3582(c) Amendments 821 and USSG 1B1.10 Fed.Reg.60534-02" (doc. no. 367) is **DISMISSED**.  Defendant's request for appointment of counsel is **DENIED**.

IT IS SO ORDERED this 5th day of June, 2024.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-0006p065 (Salazar).docx

---

³ Unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A).