# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CR-18-006-003-F |
| | ) |
| JUAN CARLOS BERNAL SALAZAR, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On June 5, 2024, the court entered an order (doc. no. 372) dismissing defendant Juan Carlos Bernal Salazar's "Motion Pursuant to 18 U.S.C. § 3582(c) Amendments 821 and USSG 1B1.10 Fed.Reg.60534-02" (doc. no. 367). With his motion, defendant sought a reduction of his sentence based on Subpart 1 of Part B of Amendment 821 to the United States Sentencing Guidelines.[1]

On June 17, 2024, defendant filed a Motion for Reconsideration (doc. no. 373) and a Notice of Appeal (doc. no. 374). On June 20, 2024, the Tenth Circuit entered an order (doc. no. 377) abating defendant's appeal pending a dispositive order from the court on defendant's Motion for Reconsideration.

In accordance with LCrR47.1, the government has timely responded (doc. no. 380) to the Motion for Reconsideration. Upon review, the court finds defendant's motion should be denied.

---

[1] Subpart 1 of Part B of Amendment 821 inserts a new § 4C1.1, which provides a two-level decrease of the offense level for offenders with zero criminal points who meet ten eligibility criteria. The amendment, which is retroactive, went into effect on November 1, 2023.

In its order dismissing defendant's motion, the court found defendant was not eligible for a reduction of sentence because he did not meet all ten criteria of U.S.S.G. § 4C1.1(a).  Specifically, the court found defendant did not meet the requirement that he "not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense[.]" U.S.S.G. § 4C1.1(a)(7).  The court noted defendant received a two-level sentencing enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) because he possessed a firearm.

In his motion, defendant states that he does not dispute the court's possession of a firearm finding, but contends the court failed to find that the firearm facilitated or had the potential to facilitate the offense.  Citing United States v. Hargrove, 911 F.3d 1306 (10th Cir. 2019), defendant contends that a firearm is used "in connection with the offense" when it facilitates or has the potential to facilitate that offense.  *Id*. at 1327-28.

Motions for reconsideration can be filed under § 3582.  United States v. Warren, 22 F.4th 917, 926 (10th Cir. 2022).  A ruling may be reconsidered "when the court has misapprehended the facts, a party's position, or the law." *Id*. at 927.

Section 4C1.1(a)(7) is based on the safety-value provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2.  *See*, U.S.S.G. App. C. amend. 821 (Reason for Amendment) ("The Commission was also informed by existing legislation, including the congressionally established criteria for statutory safety value at 18 U.S.C. § 3553(f) and the recent firearms legislation set forth in the Bipartisan Safer Communities Act.").  As such, the Tenth Circuit's analysis in Hargrove with respect to U.S.S.G. § 5C1.2 appears relevant to § 4C1.1(a)(7).  In light of Hargrove, application of the two-level sentence enhancement under U.S.S.G. § 2D1.1(b)(1) does not automatically disqualify a defendant from satisfying the requirement of

§ 4C1.1(a)(7). Section 4C1.1(a)(7) requires proof by a preponderance of the evidence of "active possession whereby there is a close connection linking the individual defendant, the weapon and the offense." Hargrove, 911 F.3d at 1330 (quoting United States v. Zavalza-Rodriguez, 379 F.3d 1182, 1186 (10th Cir. 2004).

In the plea agreement, defendant "agree[d] and stipulate[d] that [he] possessed a dangerous weapon in relation to the charged possession of controlled substances." Doc. no. 254, ECF p. 6; doc. no. 285, ¶ 13. Also, defendant admitted during the plea colloquy that he "knowingly and intentionally possess[ed] a Glock Model 21 .45-caliber semiautomatic handgun bearing Serial Number YBX434." Doc. no. 343-4, ECF p. 18. The firearm was located in the house where defendant was residing, along with methamphetamine and U.S. currency.

In the court's view, the record indicates that the firearm facilitated or had the potential to facilitate his drug offense.

Although not indicated in the court's June 5, 2024 order, the court also concludes that the record demonstrates that the firearm facilitated or had the potential to facilitate his firearm offense. Defendant admitted in the Petition to Enter Plea of Guilty that he "possessed a firearm while an alien unlawfully residing in the United States - the firearm either traveled in or affected interstate commerce." Doc. no. 253, ECF no. 11; doc. no. 285, ¶ 83. Again, he admitted during the plea colloquy that he "knowingly and intentionally possess[ed] a Glock Model 21 .45-caliber semiautomatic handgun bearing Serial Number YBX434," and, additionally, he admitted that he was an "alien illegally and unlawfully within the United States" and that the government could prove beyond a reasonable doubt that the firearm possessed was "manufactured outside of the state of Oklahoma, and, therefore, had to cross state lines to reach the state of Oklahoma." Doc. no. 343-4, ECF pp. 18 and

19. As a result, the court concludes that defendant does not meet the criteria of U.S.S.G. § 4C1.1(a)(7) as to the firearm offense.

Accordingly, defendant Juan Carlos Bernal Salazar's Motion for Reconsideration (doc. no. 373) is **DENIED**.

IT IS SO ORDERED this 18th day of July, 2024.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-0006p066 (Salazar).docx